UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BREE LYN C-W.,

          Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 18-5400 BSH-BAT

**REPORT AND RECOMMENDATION**

In 2011, plaintiff applied for Supplemental Security Benefits alleging disability beginning June 2004. Tr. 18. After conducting a hearing in July 2013, ALJ Atkins found plaintiff not disabled. *Id.* The Appeals Council granted review of ALJ's Atkin's decision and remanded the case for further proceedings. *Id.* Pursuant to the remand order, ALJ Grace conducted a hearing on January 8, 2016, and subsequently issued a decision finding fibromyalgia, degenerative disc disease, sciatica, asthma, obesity and migraine are severe impairments; plaintiff has the residual functional capacity (RFC) to perform sedentary work subject to additional limitations; plaintiff has no past relevant work; and plaintiff is not disabled because there are jobs in the national economy that she can perform. Tr. 21-35. The Appeals Council denied review of ALJ Grace's decision making it the Commissioner's final decision. Tr. 1.

Plaintiff contends ALJ Grace misevaluated her testimony and the opinions of Haitao Ge, M.D., and Karli Whittam, M.D., and failed to account for all limitations caused by migraine headaches. Dkt. 10 at 1. For the reasons below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court may not reverse the ALJ's decision on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A.    Plaintiff's Testimony**

In evaluating the effect of pain and other symptoms on plaintiff's residual functional capacity, the ALJ must determine if the plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms. *See* 20 C.F.R. § 404.1529. If so, the ALJ must next evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity for work. *See id.* If there is no evidence of malingering, the ALJ may reject plaintiff's testimony about the severity of her symptoms only by making specific findings stating clear and convincing reasons supported by substantial evidence for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff testified anxiety, stress, pain and migraines prevent her from functioning in the work place, Tr. 378-79; she is unsure how far she could walk, Tr. 91-92; she has leg neuropathy and blinding migraines, Tr. 119-121; and that she falls frequently. Tr. 135. The ALJ did not find malingering but discounted plaintiff's testimony on the grounds that it is not "entirely consistent with the medical evidence and other evidence of record." Tr. 25. As discussed below, plaintiff contends the ALJ erred in several respects.

### 1. Leg Pain

Plaintiff argues the ALJ improperly rejected her testimony about leg pain. The ALJ found the medical evidence shows plaintiff:

> had many medical appointments since the alleged onset date, complaining of pain in the left leg. As noted above, she had had extensive testing of all possible causes of her leg pain but it has all been negative, (Ex. 38F/53). The record shows no objective support for the severity of pain she has alleged.

Tr. 30. The parties agree[1] lack of objective medical evidence cannot be the sole reason upon which the ALJ relies in discounting a claimant's testimony but is a relevant factor the ALJ can consider. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Hence the fact plaintiff's test results are "negative" and the record "show no objective support" are not, alone, sufficient grounds to reject plaintiff's testimony.

The Commissioner argues the ALJ properly discounted plaintiff's testimony because there is also evidence plaintiff has "normal gait and station, normal muscle strength, normal sensation, normal reflexes and intact range of motion." Dkt. 11 at 3. The Commissioner contends these findings contradict plaintiff's testimony that could walk only about four blocks and needed a cane. *Id*. at 3-4.

---

[1] *See* Commissioner's Brief at Dkt. 11 at 2; Plaintiff's Brief at Dkt. 10 at 4.

REPORT AND RECOMMENDATION - 3

1  The Commissioner's argument fails. First, the ALJ rejected plaintiff's testimony about
2  leg pain for one reason: there is no objective evidence to support her testimony. Tr. 30. The
3  Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not
4  post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."
5  *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995). As the ALJ did not reject
6  plaintiff's pain testimony based on the grounds upon which the Commissioner relies, the
7  Commissioner's argument is an improper post-hoc rationalization the Court cannot rely on to
8  affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).
9  Second, it cannot be reasonably said "normal gait and station, normal muscle strength,
10 normal sensation, normal reflexes and intact range of motion" contradict plaintiff's testimony
11 about leg pain and walking limitations. There is no indication in the record that these findings
12 measured the distance plaintiff could walk, or the severity of her leg pain.
13 In short, the ALJ erred in rejecting plaintiff's testimony about leg pain as unsupported by
14 objective medical evidence. The ALJ found plaintiff's fibromyalgia, neuropathy, and sciatica are
15 severe impairments. The findings indicate plaintiff's pain complaints have a medical basis, and
16 the ALJ made no findings these conditions would not cause leg pain or not affect walking ability.
17 The Commissioner's defends the ALJ based upon grounds not relied upon by the ALJ; the Court
18 accordingly cannot rely on these grounds. Further the evidence upon which the Commissioner
19 relies does not contradict plaintiff's testimony.
20     *2.*    *Headaches*
21 Plaintiff next argues the ALJ erred in rejecting her testimony about the effects of her
22 headaches. Dkt. 11 at 6. The ALJ rejected plaintiff's testimony about headaches as inconsistent
23 with the medical record. In specific the ALJ found:

1
2
3
4
>	Treatment providers and examiners repeatedly found she had intact cranial nerves [citations omitted]. Diagnostic imaging of the head was unremarkable (Ex. 28F/61). She reported having improvement in her headaches [citation omitted].  She reported having headaches only 2-3 times per month (Ex. 36F/6). The lack of exertion in the above residual functional capacity would protect against exacerbation of headache symptoms.

5 Tr. 30. The ALJ erred in relying upon these grounds to reject plaintiff's testimony. There is no

6 evidence that "intact cranial nerves" undermine plaintiff's headache testimony. For instance the

7 ALJ cites to Dr. Ge's examination findings, Tr. 30, that plaintiff has intact cranial nerves. But

8 those findings are part of the doctor's neurological assessment containing a discussion regarding

9 sensory limits, and reflexes, and the doctor did not indicate whether they relate to headaches or

10 head pain. Tr. 1512.

11       The ALJ found diagnostic imaging was unremarkable. However, there is no test that

12 exists to establish migraine headache. *See e.g. Spiteri v. Colvin*, No. 16-1937, 2016 WL 7425924

13 at *11 (N.D. Cal. Dec. 23, 2016) (There is no test for migraine headaches."); *Hansen v. Colvin*,

14 15-190, 2016 WL 4582041 at * 4 (D. Idaho Sept. 1, 2016) (ALJ's step two ruling required proof

15 of "'objective' evidence for her migraines when no such evidence would have been attainable.");

16 *McPherson v. Colvin,* No. 15-5363, 2015 WL 6692243, at * 5 (W.D. Wash. Nov. 2, 2015)

17 ("there is no objective clinical test which can corroborate" existence of migraine headaches.).

18       The ALJ found the frequency of plaintiff's headaches improved citing to Tr. 1436. The

19 implication is the improvement rendered plaintiff's headaches **not** disabling or inconsistent with

20 plaintiff's testimony. The finding and implication are belied by the record. The medical record

21 upon which the ALJ relies indicates plaintiff's headaches improved from occurring 2-3 times a

22 week to once a week. *Id.*  However, the vocational expert testified if plaintiff "would be absent

23

from work two to three times a month on an ongoing basis," gainful work activity would be precluded. Tr. 134.

The ALJ next found plaintiff "reported having headaches only 2-3 times per month." This does not accurately recite the record upon which the ALJ relied in making this finding. The record states "[t]he **averag**e number of headaches is 2-3 per month." (emphasis added).

And finally the ALJ found "lack of exertion" in the RFC would protect plaintiff from exacerbation of headache symptoms. The finding is not supported by the medical record which indicates plaintiff's headache "symptoms are aggravated by noise, bright light and fatigue," rather than physical exertion. Tr. 1154. In sum, the reasons the ALJ relied upon to reject plaintiff's headache testimony are either not valid or not supported by substantial evidence.

### 3. *Mental Health*

Plaintiff argues the ALJ impermissibly discounted her testimony about the impact of her mental health problems on her ability to perform gainful work activity. Dkt. 11 at 7-9. The ALJ found discounted plaintiff's testimony on the grounds she received minimal treatment for mental health problems. Plaintiff argues a person suffering from mental illness cannot be "chastised" for failing to seek mental health treatment citing *Nguyen v. Chater*, 100 F.3d 1462 (9th Cir. 1996). Dkt. 11 at 8. In *Nguyen* the Court noted "depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness." *Nguyen* at 1465. But the Court in *Nguyen* did not set forth a rigid rule that the ALJ may never consider the lack of treatment in assessing a claimant's mental health testimony. *See e.g. Fillmore v. Astrue,* No. 10-3655-JCS, 2012 WL 298341, at *22 (N.D. Cal. Feb. 1, 2012) ("*Nguyen* does not set forth a bright-line rule that failure to receive treatment

for a mental impairment can never provide a legitimate reason for rejecting the opinions of an examining or treating physician.").

Here, the ALJ found at step two plaintiff's mental health problems were not severe in that they did not more than minimally affect her ability to work. Tr. 22. Plaintiff does not contest this finding, or the ALJ's determination that she received minimal mental health treatment. Plaintiff also does not contest the ALJ's determination that during treatment plaintiff complained mostly about situational stressors such as child care duties, financial issues and housing concerns "which are separate from her mental impairment symptoms." Tr. 31.

Rather, plaintiff argues she sought treatment for her mental and physical impairments and cannot be faulted "for seeking treatment for her symptoms in the manner in which she was experiencing them. Dkt. 10 at 8. The argument does not show the ALJ erred. This is not a case, such as *Nguyen*, involving a claimant who should not be faulted for not recognizing she suffers from serious mental illness. To the contrary, the ALJ found plaintiff's mental impairments are non-severe; there is thus little to show that plaintiff's mental impairments prevented her from recognizing the need for treatment. Moreover plaintiff sought mental health treatment as evidenced by the 2014 notation in which plaintiff's doctors noted she suffered from anxiety/stress that was difficult to untangle from other causes. Tr. 1144. But though plaintiff and her doctors were aware that plaintiff had anxiety issues in 2014, she received as the ALJ noted little mental health treatment thereafter. The Court accordingly finds the ALJ did not err in considering plaintiff's lack of mental health treatment suggests her mental health symptoms are not as severe as she proffered.

   3.   ***Wheelchair and Asthma***

REPORT AND RECOMMENDATION - 7

1    Plaintiff contends the ALJ erred in rejecting her testimony about the effects of her
2  asthma. The ALJ found plaintiff's asthma symptoms are controlled by medications, Tr. 30, a
3  finding plaintiff does not dispute. Dkt. 11 at 7. This is a valid ground as "an impairment that can
4  be controlled by treatment or medication is not considered disabling." *Pacheco v. Colvin*, No.
5  15-5848-BHS, 2016 WL 4361812 at * 4 (W.Wash., Aug. 16, 2016). The ALJ's determination as
6  to this portion of plaintiff's testimony should accordingly be affirmed.
7    Plaintiff also argues the ALJ erred in rejecting her testimony about her mobility on the
8  grounds that although she was prescribed a wheelchair, there is no evidence that it is medically
9  necessary. Dkt. 11 at 7. Plaintiff used a wheelchair at the 2013 hearing before ALJ Atkins but
10 never claimed the need to regularly use a wheelchair. Tr. 92. Plaintiff is thus correct the ALJ
11 erred in rejecting plaintiff's testimony based upon her use of a wheelchair at the 2013 hearing, as
12 this single use is not inconsistent with her testimony.
13   In sum the ALJ erred in rejecting plaintiff's testimony about leg pain, headaches, and the
14 use of a wheelchair. The ALJ's errors regarding leg pain and headaches are harmful because the
15 RFC determination does not fully account for the limitations asserted by plaintiff. *See* 20 C.F.R.
16 § 416.945(a) (In determining a claimant's RFC, an ALJ must assess all the relevant evidence,
17 including medical reports and witnesses' descriptions of limitation, to determine what capacity
18 the claimant has for work.). The ALJ's error regarding wheelchair use is harmless as plaintiff
19 does not claim she requires a wheelchair.
20   The ALJ, however, did not err in rejecting plaintiff's testimony about the severity of her
21 mental health impairments and asthma. The ALJ's findings as to these portions of plaintiff's
22 testimony should be affirmed. Because the ALJ harmfully erred in rejecting plaintiff's testimony
23 about leg pain and headaches, the ALJ on remand must reassess plaintiff's testimony as to these

REPORT AND RECOMMENDATION - 8

1  limitations only. This flows from the ALJ's duty to "specifically identify the testimony [the ALJ]
2  finds not to be credible and [ ] explain what evidence undermines the testimony"). *Holohan v.*
3  *Massanari*, 246 F.3d 1195, 1208 (9th Cir.2001). The ALJ erred in this respect and accordingly
4  must reassess leg pain and headaches on remand.

5  **B.   Medical Evidence**

6  Plaintiff contends the ALJ harmfully misevaluated the opinions of examining doctor
7  Haitao Ge, M.D., and Karli Whittam, M.D. Dkt. 11 at 10.

8  *1.    Dr. Ge*

9  The ALJ noted Dr. Ge opined plaintiff could "stand or walk at least 2 hours, sit for a least
10 **4 hours** and lift or carry 10 pounds occasionally." Tr. 33. The ALJ also noted that in another
11 portion of his report, Dr. Ge gave a "conflicting" opinion that plaintiff could sit, stand or walk
12 for **2 hours**. *Id.* The ALJ gave greater weight to Dr. Ge's opinion plaintiff could sit for 4 hours
13 on the grounds it is more consistent with the medical evidence. *Id.*

14 Plaintiff argues the ALJ erred in multiple ways. First, the ALJ found plaintiff was limited
15 to sedentary work which calls for the ability to sit for "approximately six hours of an 8-hour
16 workday." Dkt. 10 at 11 (citing SSR 83-10). Plaintiff correctly notes Dr. Ge opined plaintiff was
17 limited to either sitting at least 4 hours, Tr. 1513, or no more than 2 hours. Tr. 1515. The ALJ
18 adopted Dr. Ge's opinions about sitting which sets a limitation that the RFC determination fails
19 to account for. As such the RFC determination is inconsistent with Dr. Ge's opinion about
20 plaintiff's sitting limitations.

21 The Commissioner disagrees arguing because Dr. Ge opined plaintiff could sit at "least 4
22 hours," she can sit for more than that time, and the ALJ's sedentary RFC is therefore consistent
23 with the doctor's opinion. Dkt. 11 at 7. The Commissioner's argument is nonsensical. It suggests

the "at least" language sets no limitations and that plaintiff therefore has **no** sitting limitations. But that suggestion cuts against Dr. Ge's report. The only reasonable interpretation of the doctor's opinion that plaintiff can stand and walk "at least 2 hours" and sit "at least 4 hours" is that the doctor was setting a limitation. If the doctor meant plaintiff could sit for a longer period, he could have written plaintiff can sit for at least 6 hours or at least 8 hours. But he did not. Additionally, the "at least" language must be viewed in the context of the Dr. Ge's entire report. The doctor in another part of the report states plaintiff can sit, stand and walk for "total of" 2 hours "in an 8 hour work day. Tr. 1515. This indicates it is Dr. Ge's opinion that plaintiff is limited in her ability to sit (either four or two hours), not that plaintiff has no limitations as the Commissioner suggests.

Second, the ALJ failed to discuss Dr. Ge's opinion plaintiff was limited to 30 minutes of either sitting, standing, or sitting at one time without interruption. Tr. 1515. The Commissioner argues the ALJ "discounted the check box form because the opinions it contained were inconsistent with the written functional assessment." Dkt. 11 at 7. The argument misses the mark. The ALJ only rejected Dr. Ge's opinion that plaintiff was limited to 2 hours of sitting in favor of the doctor's opinion in another portion of the report that plaintiff could sit at least 4 hours. Tr. 33. But the ALJ did not mention or discuss the additional "30 minutes at one time without interruption" limitation that Dr. Ge assessed. The ALJ accordingly harmfully erred because the ALJ is required to assess all limitations set forth in the medical record, and failed to do so, and also because as plaintiff notes, sitting for 30 minutes at a time is a limitation that must be assessed because it can erode the occupational base for sedentary jobs. Dkt. 10 at 11.

### *2.    Dr. Whittam*

Plaintiff contends the ALJ erred in rejecting Dr. Whittam's 2013 opinion. The ALJ rejected the doctor's opinion that plaintiff is limited to less than sedentary work on the grounds the opinion is inconsistent with the doctor's clinical findings. Tr. 32. The ALJ specifically noted Dr. Whittam found plaintiff has normal gait and station, normal muscle strength, sensation, motor and reflexes, negative straight leg raise and no tenderness of the extremities. Tr. 32. However, Dr. Whittam never opined plaintiff's limitations are caused by lack of muscle strength, reflexes or normal gait. Rather the doctor stated plaintiff's primary symptoms are "leg pain, diffuse aches, sciatica, fatigue, asthma, chest tightness and heartburn." Tr. 818.

Additionally, Dr. Whittam's clinical notes repeatedly indicate plaintiff suffers from constant all-over-body pain which is exacerbated by physical activity; that her symptoms are associated with depression, insomnia, fatigue, and that plaintiff has the perception of muscle weakness. *See e.g.,* Tr. 1154, 1187, 1212, and 1231. Accordingly Dr. Whittam's opinion that plaintiff is limited to less than sedentary work is not contradicted by her clinical findings, and the ALJ's finding otherwise is not supported by substantial evidence.

The Court notes the ALJ failed to specifically address Dr. Whittam's opinion plaintiff suffers from anxiety that is mildly to moderately impairing, and that plaintiff "describes difficulty with persistent concentration, possibly related to pain issues." Tr. 820. The Commissioner acknowledges the ALJ's failure but argues the failure is harmless for two reasons. First the Commissioner claims the ALJ properly discounted plaintiff's testimony about her mental problems, and thus need not give great weight to the doctor's opinions. Dkt. 11 at 8. The argument fails. The ALJ may reject a doctor's opinion, if it is based "to a large extent" on a claimant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible.

REPORT AND RECOMMENDATION - 11

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008). Additionally, an ALJ does not provide clear and convincing reasons for rejecting a doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Here Dr. Whittam did not question plaintiff's credibility and as a treating doctor, had years of clinical interaction with plaintiff to inform her opinion.

Second, the Commissioner argues the ALJ's failure is harmless because plaintiff has not shown how the doctor's opinion would affect the RFC determination. Dkt. 11 at 8. The Commissioner contends the ALJ's step-five determination that plaintiff can perform "unskilled" work fully accommodates Dr. Whittam's opinion that plaintiff has mild to moderate limitations in concentration. *Id.* The argument is unfounded. Simple work does not necessarily capture concentration limitations. As the Court in *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. Appx. 211, (9the Cir. 2009) stated:

> Although the ALJ accepted that Brink has moderate difficulty with concentration, persistence, or pace, he nevertheless concluded, contrary to the vocational expert's testimony, that Brink can perform certain light work. This conclusion was based on an incomplete hypothetical question, and is not supported by substantial evidence. The hypothetical question to the vocational expert should have included not only the limitation to "simple, repetitive work," but also Brink's moderate limitations in concentration, persistence, or pace.

In sum, the ALJ erred in rejecting Dr. Whittam's opinion that plaintiff was limited to less that sedentary work. The ALJ also erred by failing to address the doctor's opinion that plaintiff

1  has mild to moderate limitations in the ability to concentrate. On remand the ALJ shall reassess
2  the doctor's opinions.
3  **C.  Migraine Headache Limitations**
4  Plaintiff argues the ALJ erred in failing to assess all limitations caused by plaintiff's
5  migraines, including the impact of light and noise on plaintiff's headaches. Dkt. 10 at 13. As
6  discussed above, the ALJ harmfully erred in rejecting plaintiff's testimony about headaches and
7  erred in failing to recognized that the medical record indicates plaintiff's headache are also
8  "symptoms are aggravated by noise, bright light and fatigue," Tr. 1154. On remand the ALJ shall
9  assess the impact of light and noise on plaintiff's functioning.

## CONCLUSION

11  As discussed above, the ALJ committed reversible error in a number of ways. Where the
12  ALJ has committed reversible error, the Court has the discretion to remand for further
13  proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).
14  Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin*, 775
15  F3d 1090, 1099 (9th Cir. 2014). The Court may remand for an award of benefits where "the
16  record has been fully developed and further administrative proceedings would serve no useful
17  purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*,
18  80 F.3d 1273, 1290 (9th Cir. 1996)). If additional proceedings can remedy defects in the original
19  administrative proceedings, a social security case should be remanded for further proceedings.
20  *McCartey*, 298 F.3d at 1076.
21  Here, additional proceedings are required to allow the ALJ to properly reassess plaintiff's
22  testimony about leg pain, headaches, and the opinions of Drs. Ge, and Whittam in determining
23  plaintiff's RFC, and what if any jobs she can perform in the national economy. The Court

accordingly recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess plaintiff's testimony about leg pain, headaches, and the opinions of Drs. Ge, and Whittam; as appropriate develop the medical record further and reassess plaintiff's RFC, and proceed to step five.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **November 29, 2018.** If no objections are filed, the Clerk shall note the matter for **November 30, 2018**, as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 15th day of November, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge